IN THE SUPREME COURT OF THE STATE OF DELAWARE

JAMES ARTHUR BIGGINS, §
§ No. 494, 2017
Defendant Below, §
Appellant, § Court Below—Superior Court
§ of the State of Delaware
v. §
§ Cr. ID No. 9609015504 (N)
STATE OF DELAWARE, §
§
Plaintiff Below, §
Appellee. §

Submitted: December 14, 2017
Decided: December 18, 2017

## ORDER

Before **VALIHURA**, **SEITZ**, and **TRAYNOR**, Justices.

This 18th day of December 2017, having considered the notice to show cause and the appellant's response, it appears to the Court that:

(1) On November 27, 2017, the appellant, James Arthur Biggins, filed a notice of appeal from a Superior Court order, dated October 26, 2017 and docketed on October 27, 2017, denying his request to file a motion for a certificate of reasonable doubt. The Senior Court Clerk issued a notice directing Biggins to: (i) show cause why this appeal should not be dismissed, under Supreme Court Rule 29(b), for his failure to comply with the Court's July 11, 2011 order prohibiting him from challenging his convictions in Cr. ID No. 9609015504 without prior approval

of a Justice of the Court;[1] and (ii) explain the basis for the certifications in his motion and affidavit to proceed *in forma pauperis* that the claims he sought to raise have never been raised or disposed of before in any court and that he has no reason to believe that the claims are foreclosed by controlling law. Biggins did not respond to the notice to show cause within ten days of his receipt of the notice to show cause, making his appeal subject to dismissal.[2] In his untimely response to the notice to show cause, Biggins argues he cannot be penalized for failing to comply with an order from six years ago, the Court has previously allowed his appeals to proceed, and he raises constitutional claims.

(2) Even if Biggins' response to the notice to show cause was timely, the Court would not approve his filing. This is not the first time Biggins has appealed the denial of an untimely motion for a certificate of reasonable doubt. In 2009, this Court affirmed the Superior Court's denial of Biggins' motion for a certificate of reasonable doubt, holding "[n]either the Superior Court nor this Court has the authority to rule on a motion for a certificate of reasonable doubt in a criminal

---

[1] *Biggins v. State*, 2011 WL 2731214, at *1 (Del. July 11, 2011) (finding Biggins' numerous filings constituted an abuse of process and prohibiting Biggins from filing any further papers challenging his convictions in Cr. ID No. 9609015504 without approval of a justice).

[2] A party must respond to the notice to show cause within ten days after receipt of the notice. Supr. Ct. R. 29(b). Biggins received the notice to show cause on November 30, 2017, but did not file his response until December 14, 2017, making his appeal subject to dismissal. Supr. Ct. R. 3(b)(2).

proceeding in which final judgment was entered over a decade ago."[3]  This remains

true today.  Biggins' appeal must therefore be dismissed.

NOW, THEREFORE, IT IS ORDERED, under Supreme Court Rules 3(b)(2)

and 29(b), that this appeal is DISMISSED.

BY THE COURT:

*/s/ Collins J. Seitz, Jr.*
Justice

---

[3] *Biggins v. State*, 2009 WL 2882865, at *1 (Del. Sept. 10, 2009).